## BEVERAGE DISTRIBUTORS, Inc., v. SHEARER.

Court of Appeals of Kentucky.

May 23, 1952.

Funk, Chancellor & Marshall, Frankfort, for appellant.

Gilbert Burnett, Frank W. Burke, Louisville, for appellee.

WADDILL, Commissioner.

The appellant, Beverage Distributors, Incorporated, filed this declaratory judgment action seeking to have the court determine whether it may legally sell and distribute in Kentucky a product labeled "Apple Vat 36" without complying with the Alcoholic Beverage Control Act, KRS, Ch. 241, or the Local Option Law, KRS, Ch. 242. The circuit court's judgment declared "Apple Vat 36" to be an alcoholic hard cider, subject to and within the purview of these laws.

Appellant argues for reversal that "Apple Vat 36" is not a preserved hard cider, but is a preserved sweet cider which is specifically excluded from regulation as an alcoholic beverage by subsection (f) of KRS 242.010.

KRS 242.010 provides:

"(1) 'Alcoholic beverage' means alcoholic brandy, whiskey, rum, gin, beer, ale, porter, wine and all other spirituous, vinous, malt or fermented liquors, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing more than one percent of alcohol by volume, which are fit for use for beverage purposes. It does not include:

\* \* \* \* \* \*

"(f) Vinegar and preserved sweet cider; \* \* \*."

We will not pursue appellant's contention further as it is predicated upon the

fallacious premise that the product in question is preserved sweet cider when in fact it is an alcoholic hard cider and an intoxicating beverage. The distiller represents on the label of the container that "Apple Vat 36" is a hard cider; that its alcoholic strength is not less than 3.2 nor more than 7 per cent by volume; and that its alcoholic content is "10–12 proof." The exhibits filed by the chemist show that its alcoholic content is between 6 and 7 per cent by volume.

We will not permit the unregulated sale or distribution of this product, which we find is an intoxicating beverage, in violation of our laws governing same. KRS, Chapters 241, 242, 243 and 244. The judgment of the circuit court was correct.

Judgment affirmed.